**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

FUZION VAPOR, LLC,

    Plaintiff,

vs.                                    Case No. 3:16-cv-942-J-34PBD

FUMIZER, LLC,

    Defendant.
_____/

**O R D E R**

**THIS CAUSE** is before the Court on the Report and Recommendation (Doc. 14; Report), entered by the Honorable Patricia D. Barksdale, United States Magistrate Judge, on July 28, 2017. In the Report, Judge Barksdale recommends that Plaintiff's Motion for Entry of Default Judgment Against Defendant (Doc. 12; Motion) be granted to the extent set forth in the Report, and that the Clerk of the Court be directed to enter judgment and close the file. See Report at 33-35. Defendant Fumizer, LLC has failed to file objections to the Report, and the time for doing so has now passed.

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b). If no specific objections to findings of fact are filed, the district court is not required to conduct a de novo review of those findings. See Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993); see also 28 U.S.C. § 636(b)(1). However, the district court must review legal conclusions de novo. See Cooper-Houston v. Southern Ry. Co., 37 F.3d 603, 604 (11th Cir. 1994); United States v. Rice, No. 2:07-MC-8-FTM-29SPC, 2007 WL 1428615, at *1 (M.D. Fla. May 14, 2007).

1

Upon independent review of the file and for the reasons stated in the Report, the Court will accept and adopt the legal and factual conclusions recommended by the Magistrate Judge.[1]  Accordingly, it is hereby

**ORDERED:**

1. The Magistrate Judge's Report and Recommendation (Doc. 14) is **ADOPTED** as the opinion of the Court.

2. Count V of the Complaint and Demand for Jury Trial (Doc. 1) is **DISMISSED**.

3. Plaintiff's Motion for Entry of Default Judgment Against Defendant (Doc. 12) is **GRANTED, in part, and DENIED, in part**.

4. The Motion is **GRANTED** to the extent that:

    a. The Clerk of the Court is **DIRECTED** to enter judgment in favor of Plaintiff Fuzion Vapor, LLC and against Defendant Fumizer, LLC, with respect to Count I, Count II, Count III, and Count IV of the Complaint in the amount of $15,867.50 in attorney's fees pursuant to 15 U.S.C. § 1117(a), and $465 in costs pursuant to 28 U.S.C. § 1920.  Post-judgment interest will accrue at the statutory rate set forth in 28 U.S.C. § 1961.

    b. The Clerk of the Court is further **DIRECTED** to enter a judgment of permanent injunction in favor of Plaintiff Fuzion Vapor, LLC and against Defendant Fumizer, LLC as follows:

    > Fumizer, LLC; its affiliated entities, servants, agents, representatives, employees, and successors; and all other persons in active concert or participation with any or all of

---

[1] Had Defendant objected, the Court might have been inclined to further reduce the requested hourly rates.  However, in the absence of any objection, and in light of the persuasive authority cited by the Magistrate Judge, the Court will accept the recommended hourly rates for purposes of this particular case.  Doing so will not serve as precedent for this Court in future cases.

> them, who receive actual notice of the judgment by personal service or otherwise, are permanently enjoined from:
>
> a) using the FUMI VAPOR, FUMIVAPOR, and FV marks, the FV design mark, the Fumi Vapor trade name, fumivapor.com, or any other colorable imitation of those marks or Fuzion Vapor, LLC's FUZION VAPOR mark or FV design mark, in advertising, promoting, merchandising, distributing, offering for sale, and selling electronic-cigarette products and services and any products or services relating to electronic cigarettes or their use;
>
> b) expressly or impliedly representing to customers, potential customers, or the public that any electronic-cigarette products and services or other products or services related to electronic cigarettes or their use are affiliated in any way with Fuzion Vapor, LLC;
>
> c) representing by words or conduct that Fumizer, LLC's electronic-cigarette products and services or any products or services relating to electronic cigarettes or their use, are authorized by, sponsored by, endorsed by, or otherwise connected with Fuzion Vapor, LLC; and
>
> d) doing any other acts calculated or likely to cause confusion or mistake in the mind of the public or lead consumers into the belief that Fumizer, LLC's electronic-cigarette products and services and any other products or services relating to electronic cigarettes or their use are authorized, sponsored, licensed, endorsed, or promoted by Fuzion Vapor, LLC, or are otherwise affiliated or connected with Fuzion Vapor, LLC,
>
> Additionally, Fumizer, LLC, must cancel the domain name "fumivapor.com."

5. In all other respects Plaintiff's Motion for Entry of Default Judgment Against Defendant (Doc. 12) is **DENIED**.

6. Plaintiff Fuzion Vapor, LLC shall serve a copy of this final Order and the Court's Judgment of Permanent Injunction on Defendant Fumizer, LLC, who

3

shall have 30 days from the service date to comply with the requirements of the permanent injunction, failing which Plaintiff may file a motion to enforce the permanent injunction, supported by evidence of service on Defendant and evidence of violation of the injunction.

7. The Clerk of the Court is further directed to terminate any pending motions and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 30th day of August, 2017.

MARCIA MORALES HOWARD
United States District Judge

lc25

Copies to:

Honorable Patricia D. Barksdale
United States Magistrate Judge

Counsel of Record

Fumizer, LLC d/b/a Fumi Vapor
Eduard Kirakosyan, Registered Agent
7308 Laurel Canyon Boulevard
North Hollywood, CA 91605